Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 3:04-cr-0051-JWS |
| Plaintiff, | |
| vs. | **DAVID DEL CASTILLO'S REQUEST TO BE RE-SENTENCED** |
| DAVID DEL CASTILLO, | |
| Defendant. | |


I.    **Introduction.**

        David Del Castillo submits this memorandum in response to the court's order at

Docket No. 35.  Mr. Del Castillo asks to be re-sentenced in accordance with the principles

announced in *United States v. Booker*, 543 U.S. 220 (2005) and in *United States v. Ameline*, 409

F.3d 1073 (9th Cir. 2005)(*en banc*).  He respectfully submits that there is a reasonable possibility

that he would have received a different sentence had the court known that the sentencing

guidelines were advisory.  *United States v. Ameline*, 409 F.3d at 1078.

**II.    The Purpose Of The Original Sentencing Was To Deter Mr. Del Castillo From Ever Returning To This Country.**

The court conducted the original sentencing in accordance with the then mandatory sentencing guideline scheme. The record established that Mr. Del Castillo's total adjusted offense level was offense level 21 and that his criminal history category was category IV. This computation exposed him to a mandatory sentencing guideline range of 57 to 71 months.

The record demonstrates that the court's primary goal at the initial sentencing was to deter Mr. Del Castillo from ever returning to the United States. The court considered and rejected his extra-ordinary cultural assimilation downward departure application, a basis for departure that the government did not seriously dispute. *United States v. Lipman*, 133 F.3d 726 (9th Cir. 1998) and *United States v. Rivas-Gonzales*, 365 F.3d 806 (9th Cir. 2004) authorized a downward departure from the otherwise applicable mandatory sentencing guideline for extra-ordinary cultural assimilation into the American culture. Although the court readily recognized its authority to depart on this basis, it elected to impose a mid-range sentence of 64 months with the following explanation.

> I recognize I have the authority to depart downward and technically this individual qualifies for this departure based on the law that has been discussed here, but I really don't think this is an appropriate circumstance for me to exercise that discretion. I don't think – I really don't think that Mr. Del Castillo has gotten the message, and the important thing to achieve here is to give him the message so that he doesn't come back to the United States.

[Sentencing Transcript, pg. 13-14]

As indicated, the original sentencing was conducted under the mandatory guideline sentencing scheme. That scheme assumed that a sentence within the applicable guideline range met the "sufficient but not greater than necessary" standard set forth in 18 U.S.C. § 3553(a).

That assumption is no longer correct.

**III.    But For The Mandatory Nature Of The Original Sentencing Scheme, A Sentence Not Exceeding 57 Months Would Have Been Sufficient But Not Greater Than Necessary To Achieve The Sentencing Goals Identified In 18 U.S.C. § 3553(a).**

Mr. Del Castillo expects that the court's primary objective at re-sentencing would remain the same; namely to fashion a sentence that deters him from returning to the United States. However, he respectfully submits that an analysis of the relevant § 3553(a) factors indicates that this goal can be achieved with a sentence that does not exceed 57 months.

In the present case, two of the § 3553(a) factors would receive consideration that was not practically available before *Booker*. First, the nature and circumstances of the offense, and in particular, the benign reasons for Mr. Del Castillo's return to this country would have to be considered. Second, the need to provide the defendant with needed educational, or vocational training, and in particular, the fact that Mr. Del Castillo will ultimately be returned to a culture foreign to him with none of the transitional assistance ordinarily provided by the B.O.P. would have to be considered.

**A.    18 U.S.C. § 3553(a)(1) - Nature and Circumstances of the Offense.**

The nature and circumstances of Mr. Del Castillo's offense and the benign reasons his return to the United States were uncontested at the original sentencing.

Mr. Del Castillo's case is the paradigmatic example of a case where a downward departure for cultural assimilation is appropriate. His parents brought him to the United States when he was only three months old. He was raised in Los Angeles and educated by the Los Angeles Unified School District. All of his siblings and all of the children of his siblings are United States Citizens.

Because his formative years were spent in the United States, Mr. Del Castillo's ties to Mexico are minimal at best. As discussed in the affidavits of his two sisters and the affidavit of his mother, the Del Castillo family is a close-knit unit that routinely spends holidays together. Nothing could be more typical of the American cultural experience than family gatherings at Thanksgiving and Christmas[.] Indeed, since 1995, Mr. Del Castillo has resided with his mother in Los Angeles, except when fishing.

\* \* \* \* \* \* \* \*

As his sisters explain, he is in all respects but one, an American.

[July 30, 2004 Sentencing Memorandum submitted by Mr. Del Castillo].

This record establishes beyond question that Mr. Del Castillo returned to this country for the most understandable and benign of reasons. He wanted to be with family in a culture that was familiar to him. Section 3553(a)(1) mandates consideration of these particular facts when actually fashioning a sentence (as opposed to considering a discretionary departure request).

**B.     18 U.S.C. § 3553(a)(2)(D) - The Need To Provide Transitional Assistance For At The End Of His Incarceration.**

Mr. Del Castillo is subject to an B.I.C.E. detainer. Upon completion of his sentence in this matter, Mr. Del Castillo will be released to the immigration detainer, transported

to the United States/Mexican border, and summarily returned to a country and to a culture that is alien to him.

Section 3553(a)(2)(D) requires provision for needed educational, vocational, or other correctional treatment in the most effective manner. Ordinarily, this is addressed by the B.O.P. programs that are available to inmates while incarcerated. Additionally, treatment designed primarily to ease the inmates transition from custody to the community is implemented by 18 U.S.C. § 3524( c). This statute provides that the:

> Bureau of Prisons shall, to the extent practicable, assure that a reasonable part, not to exceed six months, of the last 10 percent of the term is served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

Inmates subject to deportation following service of theirs sentences are not afforded educational, vocational, or other correctional treatment while incarcerated. Their non-citizen status precludes participation in such programs. Equally important, the presence of an immigration detainer precludes halfway house placement and the accompanying transitional assistance back into the community.

This reality is particularly harsh for Mr. Del Castillo. At the conclusion of his sentence he will be returned to an alien country and an alien culture without any transitional assistance. Under these circumstances, he respectfully submits that the failure to provide needed educational, vocational, or other correctional treatment as well as the unavailability of transitional assistance should fairly be part of the § 3553(a) calculus.

**IV.     Conclusion.**

          For all these reasons, Mr. Del Castillo asks to be resentenced in accordance with

the principles set forth in *United States v. Booker*, 543 U.S. 220 (2005).  A sentence not

exceeding 57 months more accurately reflects the nature and circumstances of Mr. Del Castillo's

offense and provides some recognition for the absence of educational and transitional

opportunities ordinarily afforded to federal prisoners.  Finally, a sentence of 57 months does not

detract from this court's original sentencing goal of deterring Mr. Del Castillo from ever

returning to the United States.

          DATED at Anchorage, Alaska this 16th day of August, 2006.

                    Respectfully submitted,


                    s/Kevin F. McCoy
                    Assistant Federal Defender
                    550 West 7th Avenue, Suite 1600
                    Anchorage, AK 99501
                    Phone:        907-646-3400
                    Fax:          907-646-3480
                    E-Mail:       kevin_mccoy@fd.org


Certification:
I certify that on August 16 2006,
a copy of *David Del Castillo's*
*Request to Be Resentenced*
was served electronically on:

James Goeke
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567


s/Kevin F. McCoy