NELSON P. COHEN
United States Attorney

JAMES A. GOEKE
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
james.goeke@usdoj.gov

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:04-cr-00051-JWS |
| | ) | |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S |
| vs. | ) | RESPONSE/OPPOSITION TO |
| | ) | DEFENDANT'S REQUEST FOR |
| DAVID DEL CASTILLO, | ) | RE-SENTENCING |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

   COMES NOW the United States of America, by and through counsel, and, pursuant to the court's Order from Chambers, hereby files is response/opposition to re-sentencing in the above captioned case as follows:

I.   INTRODUCTION

This case is before the court on remand pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc).  Under the procedures set forth in *Ameline* the court is required to first determine whether there is a need for a re-sentencing hearing.  A new hearing is only necessary if the court determines that it would give a different sentence under the advisory guideline system.  For the reasons set forth below, no further hearing is necessary, as defendant is requesting re-sentencing based on facts previously before the court, and, more importantly, facts that the court previously rejected as a basis for imposing a sentence below the level required by the United States Sentencing Guidelines.

II.   BACKGROUND

Defendant was convicted of Reentry After Deportation in violation of Title 8, United States Code, Section 1326(a) and (b)(2).  At his original sentencing both parties agreed that the applicable guidelines calculation was an offense level 21 with a criminal history category IV and a resulting sentencing range of 57-71 months.  At the original hearing defendant argued that the court should downward depart based on extraordinary cultural assimilation.  As factual background, defendant noted to the court that he had been in this country virtually his whole

life and most of his family lived in the United States. The government opposed the downward departure noting that defendant had been deported 3 times previously and had a lengthy history of criminal convictions and other police contacts.

At the outset, this court expressly acknowledged the court's authority to downward depart on this basis. Thus, the court noted that if this argument had been persuasive to the court as a just reason to give a lower sentence, the court, even in the mandatory guideline era, could have decided to give the defendant a sentence below that ultimately imposed. The court then noted, explicitly citing to the substance of the factors set out in 18 U.S.S.C. §3553(a) that the defendant's background and motivation needed to be seen in contrast with the need to deter both this defendant and others from committing the instant crime. As the court pointed out, agreeing to such a downward departure could encourage anyone with family in the United States to commit this crime as the pull of family creates a strong motive to continue to violate the law.

After hearing argument from both sides, this court previously decided not to exercise its authority to depart downward, stating:

> I really don't think this is an appropriate circumstance
> for me to exercise that discretion. I don't - I really don't

> think that Mr. Del Castillo has gotten the message, and the important thing to achieve here is to give him the message so that he doesn't come back to the United States. Now, that is harsh, but that's the law of the United States....

## III.   THE PRESENT MOTION

In defendant's present motion, he presents nothing new in the form of either facts or legal argument that provides any reason for the court to change its earlier opinion. Defendant presents no new facts suggesting that the court's weighing of the §3553(a) factors – the nature and circumstances of the defendant and his crime versus the need to deter Mr. Del Castillo and others from continuously violating the law by returning to this country after having been deported–should be different. Moreover, **unlike** many post-*Booker* cases, there is no new discretion that would give the court any more leeway than it had at the original sentencing.

Thus, defendant again cites to the case authority permitting a downward departure for cultural assimilation. In response, the government could again cite to *United States v. Rivas-Gonzalez*, 365 F.3d 806 (9th Cir. 2004) in which the Ninth Circuit rejected a cultural assimilation request with facts much more compelling than those put forward by Mr. Del Castillo. All this accomplishes is pointing out that nothing new is being put before the court.

As this court acknowledged, the court had the discretion to fashion any sentence it thought appropriate at the original sentencing. Considering everything put before the court then and now, the court imposed a sentence of 64 months – the middle of the guideline range. That sentence was more than the defendant's request and less than the government asked for. Nothing has changed. The defendant still has family connections to the United States. He still stands before the court with a lengthy record of crime and re-entry after repeated deportations. The weighing of factors is identical to the original hearing.

IV.   CONCLUSION

For all of the above reasons, and for the reasons set forth by the government in its original sentencing presentation, the government respectfully requests that this court deny defendant's request for a re-sentencing hearing.

RESPECTFULLY SUBMITTED this 5th day of September, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ James A. Goeke
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: james.goeke@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2006,
a copy of the foregoing GOVERNMENT'S
RESPONSE/OPPOSITION TO DEFENDANT'S
REQUEST FOR RE-SENTENCING was served
electronically on Kevin McCoy.

s/ James A. Goeke