# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 3:04-cr-00051 JWS |
| vs. | ) | ORDER FROM CHAMBERS |
| DAVID DEL CASTILLO, | ) | [Re: Request at docket 37] |
| Defendant. | ) | |

Defendant David Del Castillo admitted that he is a previously deported alien who was later found in the United States and pled guilty to violating 8 U.S.C. § 1326(a). Because he had been convicted of an aggravated felony (a crime of violence), he was subject to the penalty provision prescribed in 8 U.S.C. § 1326(b)(2) which authorizes a sentence of up to twenty years of incarceration. This court sentenced him to a term of 64 months of incarceration, a sentence within the middle of the range determined with reference to the Sentencing Guidelines published by the United States Sentencing Commission. Defendant appealed, but his arguments were found to be without merit. Nevertheless, because his appeal was pending when the United States Supreme Court held that the Sentencing Guidelines are advisory and not mandatory, the Court of Appeals ordered a limited remand to this court pursuant to *United States v. Ameline.*[1]

*Ameline* instructs, that where, as here, a defendant seeks sentencing relief based on the fact that the sentencing court labored under what proved to be the erroneous belief that the guideline sentencing regime was mandatory rather than

---

[1] 409 F.3d 1073 (9th Cir. 2005) (en banc).

advisory, the initial task for the district court is to determine whether or not the sentence imposed would have been materially different had the court known the guideline sentencing system was advisory only. Of particular relevance here, *Ameline* says the following:

> If the district court judge determines that the sentence would not have differed materially had he been aware that the Guidelines were advisory, the district court judge should place on the record a decision not to resentence, with an appropriate explanation. A party wishing to appeal the order may file a notice of appeal as provided in Fed. R. App. P. 4(b).[2]

The specific question posed for determination now is whether this court would have imposed a sentence differing materially from the sentence of 64 months had it known that the Guidelines are merely advisory. To answer the question, the court must consider the criteria identified in 18 U.S.C. § 3553(a).

The first consideration, "the nature and circumstances of the offense and the history and characteristics of the defendant," is a two-part criterion. With respect to the nature and circumstances of the offense, this court finds that a sentence of 64 months is warranted. Congress has indicated that when he returns to the United States an illegal alien who has committed a crime of violence has committed a crime so serious that incarceration for up to twenty years should be considered by the sentencing court.

The history and characteristics of the defendant most relevant to the sentencing decision were his criminal history and his long-standing habitation in the United States where almost all of his relatives live, and where defendant grew up and was educated. At sentencing, defendant made a spirited argument for a downward departure based on his cultural assimilation. The court was at pains in its colloquy with defense counsel to probe the proposition that the strength of the assimilation tended to suggest a higher, rather than a lower, sentence precisely because the ties binding defendant to this country were so strong that a substantial sentence was required to assure he would not return illegally.

---

[2] *Ameline*, 409 F.3d 1085.

In reviewing the transcript of the sentencing proceeding, the court can see how defense counsel might have interpreted the court's remarks about its duty to enforce the laws as written and set aside any of the court's personal opinions to be a suggestion that the court was imposing a Guideline range sentence against the court's better judgment. However, the consideration about which the court mused in those comments was that whatever the court's own views on the wisdom of some of this nation's immigration laws, they are the laws enacted by Congress, and this court must and does enforce those laws.

The next criterion is also multi-faceted and includes the need for the sentence to (A) reflect the seriousness of the offense, (B) afford adequate deterrence to criminal conduct, (C) protect the public from further crimes by defendant, and (D) provide the defendant with needed training and care. Here, the seriousness of the offense is consistent with the sentence imposed. Moreover, the need to afford adequate deterrence to those who contemplate re-entry after having committed serious crimes weighs rather heavily in favor of a sentence of several years' duration. The need to protect the public from a further illegal entry into the United States by defendant himself suggests a sentence of at least 64 months, and would be consistent with a longer sentence in view of the cultural assimilation present. Finally, the need to provide defendant with needed training must be considered. In the memo at docket 37, defendant points out how very ill-prepared he is to live in Mexico, a place which he left at a tender age. While there likely is little available within the BOP's array of programs that could assist defendant with assimilation into Mexican culture, simply letting him out of prison earlier so he can be deported sooner is not an improvement. At a minimum, defendant can use the time he is incarcerated to learn as much as he can about life in Mexico prior to the date he is deported.

Next, the statute directs the court to consider the kinds of sentences available. Here, the sentence imposed–incarceration to be followed by supervised release, is the only kind of sentence authorized by law for the crime of conviction.

Next, section 3553(a) requires the court to consider the Guidelines. Here, that consideration weighs in favor of a sentence within the range of 57 to 71 months. The

sentence imposed was in the middle of that range, so this factor supports the sentence which was imposed.

The sixth criterion is the need to avoid unwarranted sentence disparities. That factor does not support a sentence which is materially different from that imposed. Sentences within the Guideline range tend to be comparable across the nation for the very reason that the Guidelines are considered by sentencing courts throughout the country.

The last factor is restitution. That factor is inapplicable here.

Finally, the court has considered the parsimony principle contained in the statute. Based on the facts and circumstances and the considerations already recited, the sentence imposed is sufficient, but no greater than necessary, to meet the sentencing objectives reflected in 18 U.S.C. § 3553.

In summary, for the reasons set out above, the sentence imposed is not materially different from that which would be imposed were defendant to be sentenced a second time.

Defendant is advised that he may appeal from this order. (No separate judgment will be entered.) If he cannot afford to take an appeal, defendant may request leave to proceed in *forma pauperis*. If requested to do so, the Clerk of Court will prepare and file a notice of appeal on defendant's behalf. Any appeal must be taken with the time permitted by the Rule 4(b) of the Federal Rules of Appellate Procedure.

DATED at Anchorage, Alaska, this 15th day of September 2006.

                                                /s/
                                   JOHN W. SEDWICK
                         UNITED STATES DISTRICT JUDGE